CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 10 2005
JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JAMES H. ATWOOD, | ) | CASE NO. 4:04CV00082 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant | ) | |

The sole question presented by this challenge to a final decision of the Commissioner which denied plaintiff's March 15, 1999 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is whether the substantial evidence supports the determination that plaintiff's chronic liver disease rose to the level of a severe impairment prior to the expiration of his insured status on December 31, 1994. The case is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the court will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 50 years old with a high

1

school education and with past relevant work as an owner/operator of an auto parts store was a chronic alcoholic in remission and had been hospitalized in September 1994 for alcoholic hepatitis, anemia and other gastrointestinal complaints. (R. 16, 172-175.)[1] The Law Judge further found that after his release from the hospital, plaintiff's condition improved through the balance of 1994, which the medical records appear to confirm, though they also reveal the presence of cirrhosis. (R. 16-17, 182-187.) There is a gap in the medical evidence thereafter until 1997, but by 1999 it is clear that plaintiff experienced serious results from his cirrhosis, ultimately needing a liver transplant. (R.17, *see also e.g.* R. 228-233.) As observed by the Law Judge, while plaintiff's chronic alcoholism led to a "serious episode" of internal bleeding and anemia with hospitalization in September 1994, upon his discharge and through the period during which he was insured, there is evidence of substantial medical improvement but none revealing any limitations on his ability to perform work-related activities. (R. 18.)

Under the Act, the Commissioner's regulations and the applicable decisional authority, an impairment is severe if it imposes more than minimal effects on the person's ability to work and has or is expected to last more than 12 continuous months. 20 C.F.R. § 404.1520; *Evans v. Heckler*, 734 F.2d 1012 (4th Cir. 1984). The evidence in the record before the court certainly reveals that plaintiff's condition did impose more than minimal effects on his functional ability, but as the Law Judge found, it was acute and did not surface on a continuous basis until after his insured status expired.

Accordingly, the undersigned FINDS that the Commissioner's final decision adopting

---

[1]The Law Judge's February 24, 2000 decision is set forth in two places in the record. The first is a R. 15-19, the second at R. 32-36. The undersigned will refer to the decision appearing first in the administrative record.

2

the Law Judge's determination that plaintiff's impairment did not meet the severity or durational requirements of the Act prior to the expiration of his insured status is supported by substantial evidence. It hereby is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

August 10, 2005
Date

3